IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RHENON WILLIAMS,<br><br>             Plaintiff,<br><br>   vs.<br><br>MISSOULA CITY POLICE DEPARTMENT, and OFFICER JENA VOLINKLEY,<br><br>             Defendant. | CV 15-100-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## I.  Introduction and *in Forma Pauperis* Application

Plaintiff Rhenon Williams, appearing pro se, filed an application requesting leave to proceed in forma pauperis. Williams submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Williams' application is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Williams' Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable

1

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Williams' pleadings to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Williams' Allegations

Williams alleges Missoula City Police Department Officer Jena Volinkley issued her a ticket "of Privacy and Communication" based on Williams' conduct in calling, or sending a text message to, Rita Daniels. Williams confirms she had communicated with Ms. Daniels.

Williams asserts Volinkley's conduct violated her various Constitutional

rights. Specifically, she alleges Volinkley violated her right to confront her accusers, and her rights to life, liberty, and the pursuit of happiness. She further alleges Volinkley failed to issue the subject ticket to Williams in a timely manner.

Williams alleges Volinkley's conduct constituted harassment, and it caused Williams to suffer emotional distress. Williams states she has post-traumatic stress disorder, and Volinkley's conduct exacerbated her condition. Williams requests compensation for her injuries.

Williams further asserts she sustained financial damages caused by the ticket Volinkley issued. Williams requests reimbursement for her travel expenses and other related damages.

### III. Discussion

Because Williams is proceeding pro se the Court must construe her pleadings liberally, and the pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the
> pleading was made, unless it determines that the pleading could not possibly

3

be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Williams' pleading asserts claims against Volinkley, as a state or local governmental employee, for alleged violations of her Constitutional rights. Liberally construed, the Court concludes Williams' claims could be cognizable under 42 U.S.C. § 1983. Therefore, her claims "aris[e] under the Constitution", and the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Despite possessing federal question jurisdiction, the procedural posture of Williams' claims is such that it appears the Court must either abstain from exercising that jurisdiction, or dismiss this action as premature if Williams was convicted on the ticket issued by Volinkley. But Williams' allegations do not identify either the date of Volinkley's conduct, the status of the prosecution on the subject ticket that Volinkley issued, or the final resolution of the prosecution, if already reached. Regardless, it is apparent that the criminal prosecution is either currently pending, thereby requiring this Court to abstain from interfering with that prosecution, or it resulted in Williams' conviction on the ticket in which case the law requires Williams to first get that conviction overturned before proceeding

with this action.¹

   A.   **<u>Abstention</u>**

   There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.²

   The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court

---

¹The relief Williams requests includes compensation for "payment of ticket" which could suggest that Williams was found guilty on the ticket.

²Federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

> action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir.2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.*, (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case. First, Williams allegations, as pled, suggest that criminal proceedings may still be pending against her in a court of the State of Montana.

Second, the criminal proceedings on the subject ticket issued to Williams implicate important state interests. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not

interfere with those interests when that prosecutorial process is ongoing.

Third, with regard to Williams' opportunity to raise any issue, or to assert any Constitutional right in the state court – matters that she is attempting to present to this Court in this action – she bears the burden to establish "that state procedural law bar[s] presentation of [her] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Williams has not set forth any allegation suggesting she will be barred from presenting any issues in the state court prosecution, or from prosecuting an appeal with respect to any adverse criminal judgment. To the contrary, she has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of her Constitutional rights as pled in this case.

Fourth, although Williams does not expressly request this Court enjoin any criminal prosecution against her, this federal court action would have the practical effect of enjoining or interfering with the state criminal proceedings in a way that *Younger* disapproves.

Finally, Williams' allegations do not implicate any recognized exceptional circumstances that would render *Younger* abstention inapplicable.

### B. Challenge to Possible Existing State Criminal Conviction

Williams' allegations necessarily challenge the validity of both the criminal prosecution against her and the resulting conviction, if Williams was convicted on the ticket. But a plaintiff's challenge to an existing conviction or sentence is barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994) and the circumstances of this case.

In *Heck* the United States Supreme Court established that a plaintiff cannot prosecute a section 1983 action for damages if the success of those claims would necessarily imply that her existing criminal conviction or sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim that would render a criminal conviction or sentence invalid, the plaintiff must establish that the conviction or sentence has already been invalidated through an appropriate legal action, such as through state court appellate procedures or a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. Therefore, to determine whether *Heck* operates to preclude a section 1983 action, the court must consider whether a ruling in favor of the plaintiff:

> would necessarily imply the invalidity of his conviction *or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11

(9th Cir. 2011) (affirming dismissal of section 1983 action that would, if successful, invalidate the plaintiff's criminal conviction).

Here, in substance, Williams seeks a ruling establishing that the prosecution of the ticket against her, and/or her possible conviction on the ticket has caused damages to her. A ruling in Williams' favor on her claims would, necessarily, imply that her conviction on the ticket is invalid. As discussed, however, that procedural course of action is precisely what *Heck* prohibits a section 1983 plaintiff from pursuing.

Williams does not allege that her conviction on the ticket, if any, has already been reversed through some other legal action or appeal. Thus, *Heck* bars Williams from challenging, in this section 1983 action, the legality of or state conviction and sentence on the subject ticket.

## IV. **Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED as barred by either the *Younger* abstention doctrine or the rule announced in *Heck*. IT IS RECOMMENDED that the dismissal be without prejudice.

But in view of Williams' pro se status and Williams' vague description of the status of her ticket, the Court will afford her an opportunity to file an amended

9

pleading that states claims for relief that may not be barred under either *Younger* abstention doctrine or *Heck*. Therefore, IT IS ORDERED that Williams may file an amended complaint setting forth short and plain allegations against a specific defendant, or defendants, and she shall do so on or before **September 10, 2015.** The Clerk of Court is directed to provide Williams with a form for filing her amended complaint.

At all times during the pendency of this action, Williams SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

If Williams fails to timely comply with the provisions of this Order the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Also, if Williams does not file an amended complaint as permitted above, this action will be subject to dismissal based on this recommendation under the doctrine of *Younger* abstention and the *Heck*-bar as discussed above.

DATED this 12th day of August, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge