IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
NOV 17 2015
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| RHENON WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>MISSOULA CITY POLICE DEPARTMENT, and OFFICER JENA VOLINKLEY,<br><br>    Defendants. | CV 15–100–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his order, findings, and recommendations in this case on August 12, 2015, granting Plaintiff Rhenon Williams' ("Williams") motion to proceed *in forma pauperis*, but nevertheless recommending that her case be dismissed without prejudice. Judge Lynch further granted Williams leave to file an amended complaint, and set a filing deadline of September 10, 2015. Williams neither objected to the findings and recommendations, nor filed an amended pleading before the deadline. The Court will therefore review the findings and recommendations for clear error, rather than *de novo*. See 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error

exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full.

Williams' claims sounds in 42 U.S.C. § 1983, and arise from a citation issued to her by Defendant Volinkley for inappropriately contacting an individual involved in an unrelated police matter. Williams admits to contacting this individual, but alleges that Volinkley did not notify her of the violation and further harassed her in an unspecified manner. Williams makes no mention of the disposition of her citation in her Complaint.

Based on these facts, Judge Lynch determined that the Court lacks jurisdiction over Williams' claims based on *Younger v. Harris*, 401 U.S. 37 (1971), which compels abstention when: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so . . . ." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citations omitted). Judge Lynch found these elements met here:

Williams is the subject of an ongoing criminal action implicating the City of Missoula's authority to enforce state law; Williams may raise her constitutional claims in that action; and, intervention on the Court's part would surely stifle the state proceeding. The Court finds no clear error in this analysis, nor any other aspect of Judge Lynch's findings and recommendations.

Accordingly, IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 5) are ADOPTED IN FULL. This case is DISMISSED WITHOUT PREJUDICE, as the Court lacks jurisdiction pursuant to the doctrine contoured in *Younger v. Harris*, 401 U.S. 37 (1971).

DATED this 17th day of November, 2015.

Dana L. Christensen, Chief Judge
United States District Court